UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMBER CREEK CASUALTY INSURANCE, A RISK RETENTION GROUP | CIVIL ACTION |
| VERSUS | NO. 26-485 |
| TUCKER TRUCKING, LLC, ET AL. | SECTION R (3) |

## ORDER AND REASONS

Before the Court is defendant Michelle Phillips's motion to dismiss.[1] Plaintiff Timber Creek Casualty Insurance, A Risk Retention Group, ("Timber Creek") opposes the motion.[2] Also before the Court is the ex parte motion of defendant Marce Dufrene, on behalf of her minor son, Ethan Dufrene, to join and adopt Phillips's motion to dismiss.[3] The Court grants the ex parte motion. For the following reasons, the Court grants the motion to dismiss.

## I.    BACKGROUND

This case arises from a collision that allegedly occurred on April 23, 2025, between a pickup truck operated by Ethan Dufrene and a freight truck

---

[1]    R. Doc. 17.
[2]    R. Doc. 24.
[3]    R. Doc. 18.

operated by Clayton Johnson, a truck driver employed by Tucker Trucking, LLC.[4]  Plaintiff Timber Creek is a risk retention group that allegedly issued an insurance policy to Tucker Trucking with a policy period of May 7, 2024, to May 7, 2025.[5]  Timber Creek alleges that on or about April 23, 2025, it denied Tucker Trucking's claim relating to the collision because Johnson was not listed on the insurance policy.[6]

On Oct 10, 2025, Marce Dufrene sued Tucker Trucking, Johnson, and Timber Creek in state court on behalf of her minor son Ethan.[7]  The state court lawsuit asserts claims for compensatory and exemplary damages resulting from injuries to Ethan from the collision.[8]  Timber Creek sued in this Court on March 5, 2026, seeking a declaratory judgment as to whether it owed defendants Tucker Trucking and Johnson a duty to defend and indemnify.[9]

On March 25, 2026, Phillips sued Tucker Trucking, Johnson, and Timber Creek, in state court.[10]  Her lawsuit asserts claims for compensatory and exemplary damages arising from the same collision at issue in the

---

4        R. Doc. 35 at ¶¶ 14–16.
5        *Id.* at ¶ 32.
6        *Id.* at ¶ 37.
7        R. Doc. 18-2.
8        R. Doc. 18-2 at 1–3.
9        R. Doc. 1.
10       R. Doc. 17-3.

Dufrene lawsuit, in which Phillips was a passenger in the automobile operated by Ethan.[11] On April 17, 2026, Timber Creek amended its complaint to add Phillips as a defendant.

Phillips, joined by Dufrene, now moves to dismiss, asking the Court to exercise its discretion under the Declaratory Judgment Act to decline to hear the case.[12]  Timber Creek opposes the motion.[13]  The Court considers the motion below.

## II.   LAW AND ANALYSIS

The Declaratory Judgment Act states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.  When adjudicating a declaratory judgment matter, a district court must first determine whether the action is justiciable and then determine whether it has the authority to grant declaratory relief.  The court then decides whether to exercise its discretion to abstain.  *Orix Credit Alliance, Inc. v. Wolfe,*

---

[11]     R. Doc. 17-3 at 2–3
[12]     R. Doc. 17; R. Doc. 18.
[13]     R. Doc. 24.

212 F.3d 891, 895 (5th Cir. 2000).  The Court considers each of these steps in turn.

## A.   Justiciability

In the declaratory judgment context, the question whether a matter is justiciable "[t]ypically . . . becomes a question of whether an 'actual controversy' exists between the parties to the action."  *Id.*  A court must determine if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Sasol North America, Inc. v. GTLPetrol, L.L.C.*, 682 F. App'x 312, 314–15 (5th Cir. 2017) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

An actual controversy exists in this case.  All of the parties are already involved in litigation in state court, and the insurance policy at issue in this declaratory judgment action is immediately relevant to plaintiff's duties in the ongoing state cases.  This action is therefore justiciable.

## B.   Authority to Grant Declaratory Relief

A court does not have authority to grant declaratory relief if "1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as

those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993). The Court considers each prong of this test.

### i.    *Previously filed state case*

In this case, a declaratory defendant (Dufrene) previously filed a cause of action in state court against the declaratory plaintiff (Timber Creek), satisfying the first prong of the *Travelers* analysis.

On the facts in *Travelers*, in which a state court action was pending before the federal declaratory action was filed, the Fifth Circuit found that the district court nevertheless had authority to hear the declaratory action. But the Fifth Circuit relied on two facts, neither of which is present here. First, it found that the state-court plaintiff had effectively abandoned her state court action, *id.* at 777–78, which Dufrene and Phillips have not done. Second, it found that the Declaratory Judgment Act was designed to deal with a situation like the one in *Travelers*, in which the declaratory plaintiff faced the prospect of seventeen separate lawsuits in "multitudinous forums" across two states. *Id.* at 776–77. Here, by contrast, Timber Creek faces only two lawsuits, premised on identical facts, brought in a single judicial district. Under these circumstances, the Fifth Circuit's stated rationale for finding an

exception to the first prong of the *Travelers* test—"avoid[ing] a multiplicity of suits in various forums," *id.* at 777—does not apply.  There is no multiplicity of suits, and there is only one forum.  This case therefore does not fit into the "very small class of highly distinguishable cases which are exceptions to the broad rule" embodied in the *Travelers* test.  *See id.* at 776.

### ii.    *Same issues*

Plaintiff contends on a different question that the state cases do not present the same issues as those presented in this declaratory action because no third-party demand has been filed in state court to determine whether plaintiff has a duty to indemnify and defend Tucker Trucking and Johnson, the sole issues in this action.  Plaintiff is correct because, although the coverage issue is before the state court, the duty to defend is not.

Plaintiff was made a defendant in the state cases under La. R.S. 22:1269(B)(g),[14] under which a plaintiff may sue a defendant's insurer when "the insurer denies coverage to the insured, but only for the purpose of establishing coverage."  Whether a formal third-party coverage demand has thus far been made in those cases is immaterial; under La. R.S. 22:1269(B)(g), plaintiff was made a party to the state cases precisely to resolve the very coverage issue it now seeks to resolve in federal court.

---

[14]    *See* R. Doc. 17-3 at ¶ 13; R. Doc. 18-2 at ¶ 13.

But plaintiff's duty to defend is not before the state court.  By suing Timber Creek under La. R.S. 22:1269(B)(g) state-court plaintiffs have placed the coverage issue before the state court, but they have not placed the duty to defend before that court.  Nor have the insureds placed the duty to defend before the state court by making a third-party demand against Timber Creek.

The issues before this Court are therefore not the same as those before the state court.  As a result, the second prong of the *Travelers* test has not been satisfied, and this Court has the authority to issue a declaratory judgment in this case.

## C.    Discretion to Decide or Dismiss

The use of the word "may" in the Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  While federal courts usually have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colo. River Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the Declaratory Judgment Act provides an exception.  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Wilton*, 515 U.S. at 288.

In the Fifth Circuit, district courts are to consider several factors when deciding whether to adjudicate a declaratory judgment action. *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390–92 (5th Cir. 2003). These factors include:

> (1)   Whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2)   Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3)   Whether the plaintiff engaged in forum-shopping in bringing the suit;
> (4)   Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5)   Whether the federal court is a convenient forum for the parties and witnesses;
> (6)   Whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and
> (7)   Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994). A district court abuses its discretion when it fails to address the *Trejo* factors on the record. *Id.* In *Sherwin-Williams*, the Fifth Circuit added an additional factor for consideration: "[t]he presence of federal law questions, their relationship to state law questions, the ability of the federal court to resolve state law issues, and the ability of a state court to resolve the federal law issues." 343 F.3d at 396. In *Sherwin-Williams*, the Fifth Circuit grouped these

8

factors into three categories based on the primary concern each seeks to address: federalism, fairness, and efficiency. *Id.* at 390–92. The Court now examines these factors.

### i. Federalism

The first and seventh *Trejo* factors address the "proper allocation of decision-making between state and federal courts," *id.* at 390, as does the factor added by the *Sherwin-Williams* court that considers the relationship between state and federal law questions, *id.* at 394–97.

First, the Court must examine whether there is a pending state action in which all the matters in controversy may be fully litigated. The Fifth Circuit has noted that "the presence or absence of a pending parallel state proceeding is an important factor," and the lack of a parallel proceeding counsels against dismissal, but does not require it. *Id.* at 394.

In its analysis of the second prong of the *Travelers* test, above, the Court found that although the coverage issue is currently before the state court, the duty to defend is not. Nevertheless, the Court finds that this action and the state cases are sufficiently similar to weigh in favor of dismissal.

A state action need not be a perfect parallel of a federal action for a district court to abstain. Instead, if a pending state action "does not involve all the same parties or issues, the federal district court properly considers the

extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute, rather than relying on a *per se* rule." *Sherwin-Williams*, 343 F.3d at 394 n.5. "The greater the overlap, the more likely that a stay will promote federalism and efficiency." *Koch Project Sols, L.L.C. v. All. Process Partners, L.L.C.*, No. 21-20093, 2022 WL 16859961, at *5 (5th Cir. Nov. 11, 2022) (finding federal and state proceedings arising from the same facts to be connected despite not involving all the same parties).

In the pending state actions, the coverage issue is before the court and the duty to defend is not, but that is not to say that the duty to defend cannot ultimately be fully litigated there. Coverage and the duty to defend are closely intertwined. Timber Creek's only argument for why it does not have a duty to defend is the same as its argument for why it does not have a duty to indemnify: that the Liability Risk Retention Act ("LRRA"), 15 U.S.C. §§ 3901–3906, which exempts liability risk retention groups from most state regulation, preempts La. R.S. 32:900(B)(2), which requires motor vehicle policies issued in Louisiana to cover permissive drivers. Therefore, in determining the coverage issue before it, the state court will inevitably make a determination on Timber Creek's sole theory regarding its duty to defend. In other words, the duty to defend rises and falls with the coverage issue.

Moreover, Louisiana law permits Timber Creek to seek a declaratory judgment in state court, allowing Timber Creek to raise the issue itself in the state actions.  La. Code Civ. Proc. art. 1871, *et seq.*

For these reasons, both the coverage issue and the duty to defend, which Timber Creek seeks to resolve before this Court, "*may* be fully litigated" in the state cases.  *Trejo*, 39 F.3d at 590 (emphasis added).  There is therefore "a pending state action in which all of the matters in controversy may be fully litigated." *Id.*

The seventh *Trejo* factor is inapplicable, as the federal court is not being called on to construe a state judicial decree.

The Court now considers the presence of federal law questions in this case.  In *Sherwin-Williams*, the Fifth Circuit observed that "'[t]he presence of federal law issues must always be a major consideration weighing against surrender' of federal jurisdiction."  343 F.3d at 396 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983)).

Plaintiff has asserted the affirmative defense of preemption,[15] a federal law issue stemming from the LRRA.  Plaintiff points to 15 U.S.C. § 3902(a), which states in relevant part:

---

[15]   R. Doc. 24 at 4–5.  "[F]ederal question jurisdiction for a declaratory judgment suit cannot be established by raising an issue of federal law that would be an affirmative defense to a suit by the declaratory

(a)   Except as provided in this section, a risk retention group is exempt from any State law, rule, regulation, or order to the extent that such law, rule, regulation, or order would—

(1)   make unlawful, or regulate, directly or indirectly, the operation of a risk retention group.

Plaintiff argues that this provision preempts La. R.S. 32:900(B),[16] which lists several requirements for motor vehicle liability insurance policies.   In relevant part, 32:900(B) requires that liability insurance policies "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured."  La. R.S. 32:900(B)(2).  Plaintiff argues that if the LRRA preempts 32:900(B)(2), then the insurance policy issued by plaintiff to Tucker Trucking does not cover damages incurred when Tucker Trucking's vehicle was operated by Johnson, an alleged permissive user, and that plaintiff has no duty to defend.[17]

---

judgment defendant." *Sherwin-Williams*, 343 F.3d at 395 n.6.  But here, jurisdiction is founded on diversity.  R. Doc. 35 at ¶ 8.  The presence of a federal law affirmative defense, while not a basis for jurisdiction, nevertheless factors into the abstention analysis. *Sherwin-Williams*, 343 F.3d at 395–96.

[16]   R. Doc. 35 at ¶ 41.

[17]   *See id.*

Defendants counter that 32:900(B)(2) is not preempted because of § 3905(a) of the LRRA, which states, "Nothing in this chapter shall be construed to exempt a risk retention group or purchasing group authorized under this chapter from the policy form or coverage requirements of any State motor vehicle no-fault or motor vehicle financial responsibility insurance law."  15 U.S.C. § 3905(a).  Defendants argue that 32:900(B), a motor vehicle financial responsibility insurance law, is not preempted,[18] so Johnson must be covered under Timber Creek's policy even though he was not listed as a scheduled driver on that policy.[19]

In circumstances slightly different from this case, the *Sherwin-Williams* court analyzed the effect of the presence of federal law affirmative defenses on abstention.  There, the plaintiff raised two issues of federal law that would operate as affirmative defenses to a claim against the plaintiff in state court.  The Fifth Circuit found that the defenses raised "could have been raised in state court," but because there was no pending state court case in which to raise them, the district court should have retained the case. 343 F.3d at 394–97.  The Fifth Circuit also pointed to a Sixth Circuit Declaratory Judgment Act abstention case, in which the Sixth Circuit held

---

[18]   R. Doc. 17-2 at 8.
[19]   *See id.* at 7.

13

that "when state and federal courts have concurrent jurisdiction to decide preemption questions, a federal court should abstain to allow the state court to consider the preemption issues." *Id.* at 396 (quoting *U.S. v. Kentucky*, 252 F.3d 816, 826 (6th Cir. 2001)).

Here, by contrast with *Sherwin-Williams*, there are pending state court cases in which Timber Creek *can* raise its preemption defense. Louisiana courts have jurisdiction to decide whether the LRRA preempts 32:900(B)(2). Although the presence of federal law issues ordinarily weighs in favor of a federal court retaining jurisdiction, a bare preemption question requiring only a straightforward reading of a federal statute and a state statute is not the sort of federal question that would cause this Court to retain jurisdiction. The law at issue in this case—state insurance law, with a single, straightforward federal preemption question—weighs in favor of abstention.

### ii. *Fairness*

The second, third, and fourth *Trejo* factors are concerned with the fairness of retaining a Declaratory Judgment Act case.

The second factor, whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, weighs against abstention. "Declaratory judgments are often 'anticipatory,' appropriately filed when there is an actual controversy that has resulted in or created a likelihood of litigation."

14

*Sherwin-Williams*, 343 F.3d at 391–92.  This declaratory judgment action was filed five months after Dufrene filed her petition for damages in state court.  Defendants argue that Tucker Trucking and Johnson will surely file a third-party demand against Timber Creek in the state court action, making this declaratory judgment action anticipatory.[20]  But when defendants filed their motion to dismiss, over seven months after the initiation of Dufrene's state case, no third-party demand had been filed against Timber Creek. Under these circumstances, Timber Creek has hardly rushed to the federal courthouse to unfairly anticipate a state filing.  This factor weighs against abstention.

The third factor, forum shopping, and the fourth factor, possible inequities, weigh in favor of abstention.  Although "merely filing a declaratory judgment action in a federal court with jurisdiction" is not forum shopping, *id.* at 391, the Fifth Circuit has recognized that, "[w]hen federal and state court actions are related, the federal action 'risks changing forums or subverting the real plaintiff's advantage in state court.'"  *Koch Project Sols.*, 2022 WL 16859961 at *6 (quoting *Sherwin-Williams*, 343 F.3d at 399). Such is the case here, where the claims against Timber Creek arose from the same accident, involve the same insurance policy, issued to the same insured,

---

[20]    R. Doc. 17-2 at 11–12.

and are pending in the same state district court in Orleans Parish. This situation stands in stark contrast to *Travelers*, in which the declaratory-plaintiff insurance company faced the prospect of seventeen different state lawsuits in multiple forums across two states. *Travelers*, 996 F.2d at 777. There, the Fifth Circuit found that consolidation of the cases into a declaratory action in a single federal forum did not constitute impermissible forum shopping. That analysis does not apply here. The proper plaintiffs are Dufrene and Phillips, and it is traditionally a plaintiff's prerogative to select the forum in which to bring a case. Allowing Timber Creek to adjudicate the coverage issue in a forum other than the one selected by Dufrene and Phillips is inequitable. *See id.*

### iii.   *Efficiency*

The fifth and sixth *Trejo* factors deal with the efficiency of retaining a declaratory judgment case in federal court.

On the fifth factor, the Court finds that the federal court is a physically convenient forum for the parties and witnesses, as it is located near the courthouse in which the state cases are being heard. This factor is therefore neutral. *See id.* at *7.

On the sixth factor, the Court finds that retaining the lawsuit in federal court would not serve the purposes of judicial economy. "A federal district

court should avoid duplicative or piecemeal litigation where possible." *Sherwin-Williams*, 343 F.3d at 391. As discussed above, the duty to defend issue has not yet been directly raised in the state cases but can nevertheless likely be resolved there. By contrast, none of Dufrene's and Phillips's claims against Tucker Trucking and Johnson can be resolved by this Court. "When state court proceedings involve claims or parties beyond those in the federal declaratory judgment action, . . . efficiency concerns counsel against asserting jurisdiction." *Koch Project Sols.*, 2022 WL 16859961 at *7. The most efficient forum in which to resolve all the legal issues between the parties is the state court.

Here, the *Trejo* factors are mixed but weigh more in favor of abstention. Therefore, the Court exercises its discretion to abstain.

## III. CONCLUSION

For the forgoing reasons, the Court GRANTS the motion to dismiss.

New Orleans, Louisiana, this <u>6th</u> day of August, 2026.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE